MRS. S. F. EVANS v. B. W. SHARBROUGH.

[64 South. 466.]

1. APPEAL AND ERROR. *Review. Conflicting evidence. Questions raised in lower court. Pleadings. Cancellation of instruments. Contracts for sale of lands. Rent. Taxes.*
Where the decree of the chancellor is based on conflicting evidence it will not be disturbed on appeal.

2. APPEAL AND ERROR. *Questions raised in lower court. Pleading.*
In a suit to cancel a contract for sale of land, and recover the purchase money paid, a contention by the defendant that the contract ought not to be cancelled because defendant cannot be placed *in statu quo*, because the dwelling house on the land had been burned when complainant was in possession, will not be considered on appeal where such burning was not presented to the chancellor either by the pleadings or the evidence as a ground for refusing to cancel the contract. The fact that the house burned being only incidentally referred to in the testimony of defendant himself.

3. CANCELLATION OF INSTRUMENTS. *Contract for sale of lands. Rent. Taxes.*
In a suit by the vendee against the vendor for the cancellation of a contract of sale of lands and the return of the purchase money paid, it is proper for the court to charge the vendee for rent of the land while she is in possession, but error to charge her with the taxes paid by the vendor, since by the payment of rent the vendor is placed as near as possible in the same position he would have been in had the land never been sold as had he continued to own the land he would have had to pay the taxes thereon.

APPEAL from the chancery court of Jones county.
HON. SAM WHITMAN, Chancellor.
Suit by Mrs. S. F. Evans against B. W. Sharbrough. From a decree rendered, both sides appeal.
The facts are fully stated in the opinion of the court.

*D. B. Cooley* and *W. J. Pack,* for appellant.

We contend that the lower court committed grave error in decreeing that the appellant was liable for rent and

taxes on the property during the time that she held possession of same, when the evidence shows that the appellee sold this property to appellant for one thousand dollars, with interest; that she was to have the possession of the property; that Sharborough put her into the possession of same at the time the contract was entered into. The court will bear in mind that appellant was not in possession as a tenant or under any agreement that she should pay rent.

In the case of *Ankenny* v. *Clark,* 148 U. S. 345; 37 Law Ed. 475, in passing on this same question, the supreme court of the United States, says: "Another assignment of error is as to the refusal of the court to charge the plaintiff and credit the defendant with rent on the land during the time while the plaintiff was in possession. But the plaintiff was not in possession as a tenant, or under any agreement that he should pay rent. Nor does the law under the circumstances of the case raise any obligation to pay rent. Bardsley App., 20 W. N. C., is directly in point: "It may be conceded that if one occupy the land of another by the consent of the latter, without any agreement, that assumpsit for use and occupation lie. Such, however, is not this case. Here the possession was taken and maintained under an express contract by which the appellant, in consideration of eight thousand dollars to be paid therefor, agreed to convey to the vendee a certain house, free and clear of all incumbrances, title to be perfect. At the date of the agreement the vendee paid five hundred dollars and was at all times ready to pay the residue of the purchase money on a deed being delivered to him according to the agreement. The vendor was not able to execute a deed according to his contract. These facts show that the vendee was not in possession under such circumstances as to create the relation of landlord and tenant. There was neither an express nor an implied contract to pay rent, and no action could be maintained for the use and occupation of the premises.

The authorities are uniform on this subject and we content ourselves with the reference to a few cases: *Patterson* v. *Stewart,* 6 Watts & S. 527; *Williams* v. *Rogers,* 2 Dana, 374; *Gilliard* v. *Mayner,* 5 Johns, 86; *Guthrie* v. *Pugsley,* 12 Johns, 126; *Cook* v. *Doggett,* 2 Allen, 439.

In the case of *Herndon* v. *Harrison,* 34 Miss. 386, our court held: "As a general rule, the measure of damages which a vendee is entitled to recover for the failure of the vendor to convey a title according to the stipulations of his title bond is the amount of the purchase money and interest."

"And where such fraud or mistake exists in the contract, as entitled the vendee to a rescission, he is also entitled to be reimbursed for the payments that he has made, with interest: 29 Am. & Eng. Ency. of Law (2 Ed.), 728; *Harrison* v. *Stowers,* Walker (Miss.), 165; *Greenlee* v. *Gaines,* 13 Ala. 198; *Goodwin* v. *Robinson,* 30 Ark. 535; *Lyman* v. *Annable,* 4 Conn. 350; *McDonald* v. *Beall,* 35 Ga. 288; *Wheelet* v. *Mather,* 56 Ill. 241; *Yeoman* v. *Lasley,* 40 Ohio St. 190."

In *Davis* v. *Heard,* 45 Miss. 50, a case similar to the one at bar, our court held: "When the vendee has paid the purchase money upon a contract for the purchase of land, which has been rescinded on account of the default of the vendor, he has an equitable lien on the land for the reimbursement of the money paid upon it similar to that of the vendor for the unpaid purchase money. He is entitled to recover the purchase money paid, with interest."

In our opinion, Mrs. Evans is entitled to recover the amount that she paid Sharborough on the contract, to wit: seven hundred and forty-five dollars and eighty cents, with interest on said amount, free from any claims for rent or taxes on the part of Sharborough, because of the fraud perpetrated on her by Sharborough and his inability to carry out his part of the contract. And we respectfully submit that that part of the decree charging

106 Miss. 44

appellant with rent and taxes on the property ought to be reversed.

*R. L. Bullard,* for appellee.

The direct appeal challenges the correctness of the decree in awarding rents and taxes. We say the decree is incorrect in that it awards a rescission, but if not she agreed to pay the taxes, she was in the possession and enjoyment of the property, and agreed that if she did not complete the payments, what she did pay was to go as rents.

In 39 Cyc. 1427 (E) we have, "Where a purchaser in an executory contract is in possession of the land, he must, as a condition of rescission, tender the rents received by him for the use thereof. It has been held, however, that a purchaser who surrendered possession two years before suing for rescission was not obliged to tender before suit the value of the use of the premises, which could have been counterclaimed against the purchase money paid."

The case of *Ankenny* v. *Clark,* 148 U. S. 345, is not in point in this case. That was a suit at law for the recovery of purchase money paid on a contract which had been rescinded, and the court held that as the relation of landlord and tenant did not exist, compensation for rent could not be recovered in that action which was by way of set-off. It does not hold that a court of equity cannot, in a proper case, in order to restore the *status quo,* require it, and none of the cases from this court cited by appellant hold this. Surely it will not be claimed that a court of equity, in a case where it is necessary to fairness and justice between the parties, has not this power to charge the one with compensation for use and occupation while charging the other with the principal and interest on payments. In the case of *Grant* v. *Lloyd,* 12 S. & M., at page 222 this court has decided this very question. The court speaking through Judge Sharkey, says: "It remains to

settle the conditions on which the same is to be set aside. Grant will be entitled to retain a lien on the land for the amount he has paid on the price of it, with eight per cent interest. He will be charged with reasonable rents, and allowed for permanent and valuable improvements, not to exceed the value of the rent.''

This was a suit in equity to rescind the sale for fraud. We insist that this case ought to be affirmed on the direct appeal and reversed on cross-appeal.

SMITH, C. J., delivered the opinion of the court.

Appellant contracted in writing to purchase the property here in controversy from appellee for the sum of one thousand dollars, payment to be made in monthly installments, and the deed to be executed when the entire sum should be paid. After paying something over seven hundred dollars, she filed her bill in the court below seeking to cancel this contract on the ground of fraudulent representations made to her by appellee at the time it was entered into, and praying that appellee be directed to repay her the money which she had paid him, with interest. When the cause came on for hearing, the contract was canceled; the decree of the court below also providing ''that W. H. Bufkin, clerk of this court, be and is hereby appointed a master to take evidence as to the length of time complainant occupied said premises, and as to a reasonable rental value of same for said time, and that said master shall charge to defendant seven hundred and forty-five dollars and eighty cents, with interest at six per cent. from the date of each payment, and charge to complainant what he shall find to be reasonable rental value for said premises and taxes paid by the defendant, with interest aforesaid, and to state an account between said parties, and make his report to the chancellor in vacation within sixty days from this date.'' From this decree, there was both a direct and cross-appeal in order to settle the principles of the cause.

Two grounds of appellee's objection to the decree of the court below are, first, that it is not supported by the evidence, and, second, that the contract should not be canceled, for the reason that he cannot now be placed in the same situation he was at the time the contract was entered into, because a dwelling situated on the land at the time he turned it over to appellant was destroyed by fire while in her possession. With reference to the first of these grounds, it will be sufficient to say that the decree of the chancellor was rendered on conflicting evidence, and, with reference to the second, that it is clear from the record that the burning of the house was not presented to the chancellor either by the pleadings or the evidence as a ground for refusing to cancel the contract. The fact that the house burned is only incidentally referred to in the testimony of appellee himself.

Another ground of appellant's objection to the decree is that the court erred in directing the master to charge her with rent for the premises, and with the taxes paid by appellee. The court committed no error in charging her with the rent on the premises for the time she was in possession thereof (*Grant* v. *Lloyd,* 12 Smedes & M. 222), but did err in charging her with the taxes paid by appellee. The court, by charging her with rents, placed appellee as near as possible in the same position he would have been had he never sold the land, and, had he continued to own the land, he would have necessarily been compelled to pay the taxes thereof.

The decree will be reversed in so far as it directs the master to charge appellant with the taxes paid by appellee, but in all other respects will be affirmed and remanded.

*Reversed in part; affirmed and remanded.*